IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNIE WISE (BOP #82281-079),           §
                                         §
                Petitioner,              §
v.                                       §          CIVIL ACTION NO. H-07-0144
                                         §
WARDEN PAUL KASTNER,                     §
                                         §
                Respondent.              §

## MEMORANDUM AND ORDER

Petitioner Johnie Wise (BOP #82281-079) is an inmate in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Texarkana, Texas. Wise has filed a *pro se* complaint which, liberally construed, seeks to challenge a federal conviction that was entered against him in this district, but not in this division. After considering all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

## I.   PROCEDURAL HISTORY

Wise and other members of the "Republic of Texas" were convicted by a jury in the United States District Court for the Southern District of Texas, Brownsville Division, of threatening to use a weapon of mass destruction in violation of 18 U.S.C. §§ 2232a(a)(2) and (c)(2)(C), and 18 U.S.C. § 2. *See United States v. Wise*, Criminal No. 1:98-415 (S.D. Tex). The district court sentenced Wise to serve a total of 292 months in federal prison, followed by five years of supervised release. The United States Court of Appeals for the Fifth Circuit

affirmed the conviction and the Supreme Court denied his petition for a writ of certiorari. *See United States v. Wise*, 221 F.3d 140 (5th Cir. 2000), *cert. denied*, 532 U.S. 959 (2001).

Wise made several unsuccessful attempts to collaterally attack his conviction after it became final. Wise sought a writ of habeas corpus under 28 U.S.C. § 2241 from the a district court in Northern District of Texas, where Wise is incarcerated. The district court dismissed that petition for lack of jurisdiction, however, concluding that a motion in the convicting court under 28 U.S.C. § 2255 was the exclusive initial remedy for collateral review. *See Wise v. Fleming*, Civil No. 4:03-0224 (N.D. Tex.). The Fifth Circuit affirmed the dismissal. *See Wise v. Fleming*, No. 03-10955 (5th Cir. Feb. 17, 2004). Wise then challenged his conviction by filing a motion with the convicting court, seeking to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The district court granted Wise's motion for voluntary dismissal after the government tendered an answer and motion for summary judgment raising the statute of limitations on collateral review. *See Wise v. United States*, Civil No. 1:04-0153 (S.D. Tex.) (Jan. 14, 2005). Wise then filed a "Petition for Writ of Habeas Corpus Pursuant to the Constitution, via the Northwest Ordinance," which was construed by the convicting court as a motion governed by 28 U.S.C. § 2255. The district court ultimately granted Wise's motion for voluntary dismissal in that case as well. *See Wise v. United States*, Civil No. 1:05-0163 (S.D. Tex.) (Aug. 8, 2006).

## II.   <u>DISCUSSION</u>

Wise now attempts to challenge his conviction once again.  In this instance, Wise has filed a "Complaint" demanding "Independent Action" under the statute governing federal questions, 28 U.S.C. § 1331.  In the alternative, Wise seeks an equitable writ of *habeas corpus ad subjiciendum*.[1]  Wise insists that he is illegally incarcerated and he presents the following issues for "equitable review" of his underlying conviction: (1) whether  a person can be convicted and imprisoned for the impossibility of attempting to use a weapon that never existed; (2) whether a person can receive additional punishment for harm to a victim which does not exist; (3) whether a defendant's punishment can be increased by facts not found by the jury; and (4) whether he was denied due process when the government participated in "concealed revenue in the form of a prisoner bond which issued premised upon his conviction and judgment?"  As relief, Wise seeks his immediate release from imprisonment.

Wise clearly seeks relief from his federal conviction and sentence.  A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to

---

[1]      The King's Bench began issuing writs of *habeas corpus ad subjiciendum* in the 16th Century so that English subjects could challenge the constitutionality of their imprisonment.  *See* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 395 (2nd ed. 1995); *see also* WILLIAM F. DUKER, A CONSTITUTIONAL HISTORY OF HABEAS CORPUS 4 (1980) (noting that, "[p]rior to American independence, *habeas corpus ad subjiciendum* was a prerogative process for securing the liberty of the subject by affording an effective means of immediate release from unlawful or unjustifiable detention").  Although there are several types of habeas corpus writs, the term "habeas corpus," as it is used today, actually refers to the writ of *habeas corpus ad subjiciendum. See* BLACK'S LAW DICTIONARY 728 (8th ed. 2004); *see also Kuhlman v. Wilson*, 477 U.S. 436, 445 n. 7 (1986) (tracing the writ of *habeas corpus ad subjiciendum* back to the Judiciary Act of 1789, where it was first authorized to issue on behalf of federal prisoners).

challenge the validity of his conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. *See Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003). As outlined above, Wise has made a number of unsuccessful attempts to obtain relief under 28 U.S.C. § 2255. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the gatekeeping requirements for filing a second or successive motion under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 234 F.3d 277, 280 (5th Cir. 2000).

Motions governed by 28 U.S.C. § 2255 must be filed with the original sentencing court. *See Swain v. Pressley*, 430 U.S. 372 (1977); *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980). In this instance, the Honorable Hilda Tagle of the United States District Court for the Southern District of Texas, Brownsville Division, presided over Wise's trial and sentencing. Because this Court lacks jurisdiction over Wise's challenge to his conviction and sentence, it must decide whether to dismiss the case or, in the interests of justice, whether to transfer it to the sentencing court. *See, e.g., Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (citing 28 U.S.C.§ 1631, which permits transfers to cure want of jurisdiction); *see also* 28 U.S.C. § 2241(d) (providing that a district court may, in the exercise of its discretion and in the furtherance of justice, transfer a habeas corpus application to another district court). Where, as here, a criminal defendant has already pursued more than one motion to vacate under 28 U.S.C. § 2255, the interests of justice do not favor a transfer. Accordingly, the Court will dismiss this case for lack of jurisdiction.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      This case is **DISMISSED** for lack of jurisdiction.

2.      To the extent that one is needed, a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>January 31</u>, 2007.

Nancy F. Atlas
United States District Judge